STATE *vs*. ALFRED L. AINSCOW.

*Intoxicating Liquors—Keeping an Inn or Tavern; License for —Eating House—Statute.*

. A person having a license which authorizes him to keep an Inn or Tavern in the City of Wilmington and to sell intoxicating liquors in quantities less than one quart to be drunk on the premises, is not required to have a license to keep an Eating House as provided for in *Chap·er* 117, *Vol.* 13 of the *Laws of Delaware*, in order to lawfully sell or furnish and serve meals, foods and refreshments other than vinous, spirituous and malt liquors.

(*March* 18, 1908.)

JUDGES SPRUANCE and BOYCE, sitting.

*Robert H. Richards*, Attorney-General, for the State.

*Walter H. Hayes* for the defendant.

Court of General Sessions, New Castle County, March Term, 1908.

INDICTMENT for keeping an eating house without a license (No. 49, September Term, 1907).

Tried and argued upon an agreed statement of facts.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—In this indictment which you have been empaneled to try against Alfred L. Ainscow, the charge is that on the seventh of June, 1907, and on various other days and times between that day and the date of finding this indictment —which was at the September Term, 1907—in the City of Wilmington, he, the defendant, did then and there unlawfully engage in the business of keeping an eating house without having a proper license therefor.

In this case the prosecution was instituted for the purpose of having a construction of the statute relating to the licensing of inns or taverns and eating houses, upon the question, whether a person residing in the City of Wilmington having a license of the character that this defendant has, engaged in such a business as he is engaged in, is also required to take out a license as the keeper of an eating house; there being a statute requiring an eating house keeper to take out a license.

In this case there was an agreed statement of facts filed, upon which questions of law have been presented to the Court and fully argued by the Attorney-General and by the counsel for the defendant, Ainscow. In that statement of facts it is set forth, in substance, that on the seventh of June, 1907, and divers other days and times between that day and the sixteenth day of September, 1907,—being the first day of the September Term of this Court, 1907, at which this indictment was found—the defendant Ainscow was the proprietor and manager of a certain restaurant located in the City of Wilmington; that at said restuarant he kept a place where food and refreshments, including vinous, spirituous and malt liquors for the accommodation of casual visitors, were sold for consumption therein; that in addition to the said vinous, spirituous and malt liquors so as aforesaid kept and sold by said defendant at said place, the said defendant also kept and sold at the times aforesaid for the accommodation of casual visitors, to be consumed in said place, all manner of foodstuffs to be served to such casual visitors in the shape of meals to be eaten at tables provided in said place, and that said defendant, at the times aforesaid, provided in said place for the accommodation of such casual visitors all the customary meals of the day, and sold various foods, including oysters, meats, vegetables, etc., and various beverages other than vinous, spirituous and malt liquors, including coffee, tea, milk, etc., to such casual visitors, and sold such meals and such food and beverages to such casual visitors, for such prices as to the said defendant seemed proper, and that the purchase of such foods and beverages as above indicated, other than vinous, spirituous and malt liquors, by such casual visitors was or was not dependent upon or connected with the

purchase by said visitors of vinous, spirituous and malt liquors, according to the desire of such visitors.

And further, it is agreed that the defendant at the time was a licensee, under an order of this Court, holding a license to keep an inn or tavern, issued under authority of *Chapter* 418, *Volume* 14 of the *Laws of Delaware*, and other acts amendatory thereof, in a city having a population of more than two thousand inhabitants, to wit, in the City of Wilmington, which said license, so as aforesaid held by said defendant, had theretofore been duly and lawfully issued to him, which said license authorized him to keep an inn or tavern at said place, Nos. 802 and 804 Market Street, in the City of Wilmington, and to sell intoxicating liquors in less quantities than one quart to be drunk on the premises.

It is further agreed that at the times as laid in the indictment, the defendant did not have a license for keeping an eating house, as provided for in *Chapter* 117, *Volume* 13 of the *Laws of Delaware*.

It is further agreed that if the Court should be of the opinion, under the facts and circumstances set forth in this agreement, that the defendant was not required to have a license to keep an eating house, as provided for in *Chapter* 117, *Volume* 13 *of the Laws of Delaware*, to enable him lawfully to sell or furnish and serve the above-mentioned meals, foods and refreshments, other than vinous, spirituous and malt liquors, in the manner aforesaid and at the place aforesaid, at the times laid in the said indictment, then the jury shall be instructed to acquit the defendant; otherwise the Court shall give the defendant leave to withdraw his plea of not guilty, heretofore interposed in this cause, and to enter a plea of guilty to the indictment in this cause.

Gentlemen of the jury, we have given you the facts of the case in sufficient detail for all practical purposes. After examining this case stated, together with the statute law bearing upon the subject, and listening to the arguments of counsel on both sides, we are of the opinion that the defendant Ainscow, under the facts and circumstances set forth in said agreed statement of facts, was not required to have a license to keep an eating house,

as provided for in *Chapter* 117, *Volume* 13 *of the Laws of Dela-*
*ware,* to enable him to sell or furnish and serve the above-men-
tioned meals, foods and refreshments, other than vinous, spiritu-
ous and malt liquors, in the manner aforesaid and at the place
aforesaid, at the times laid in the said indictment.   We therefore
instruct you to find a verdict of not guilty; the said defendant
being indicted for not having a license for an eating house and
the Court being of the opinion, under the facts and circumstances
and the law of this case, that he was not- required to have that
license, but that his other license was sufficient to enable him to
engage in the business which the agreed statement of facts sets
forth he was engaged in.

Verdict, not guilty.